### ARONSTAM v. JAMES et al.
#### Petition of JAMES et al.
(Circuit Court of Appeals, Second Circuit.   April 27, 1921.)

War ⚮12—Foreign petitioners for stay held not to have interest in fund, entitling them to intervene.

In a suit under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), where the fund was in the treasury of the United States awaiting determination of the suit, foreign petitioners in intervention had no lien upon those funds, under Code Civ. Proc. N. Y. § 1405, giving a lien on chattels subject to levy by execution from the time the execution is delivered to the officer, and have no interest in the fund, entitling them to intervene under equity rule 37 (33 Sup. Ct. xxviii), or enabling them as citizens of a foreign court to sue elsewhere than in the District of Columbia.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by Charles S. Aronstam against Elizabeth Pratt de Gasquet James and others. On motion by George Pratt de Gasquet James and another, who had petitioned for leave to intervene, for a stay of the order of the court below. Stay of order denied.

See, also, 273 Fed. 545.

J. Noble Hayes, of New York City, for the motion.
Pitkin & Rosensohn, of New York City, for plaintiff.
Frederick Geller, of New York City, for defendant James.
Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y., for defendants Garvan and Burke.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. The affidavits make it clear that the petitioners did finally emerge out of this maelstrom of contradictions with their claims

---

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

all passed upon. We think that the judgment in favor of Aronstam was obtained fairly, and that neither he nor counsel for Mrs. James deserve criticism in relation to it.

Aronstam's suit is under section 9 of the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), and the funds of the respondent Mrs. James are in the treasury of the United States awaiting the determination of it. The petitioners had no lien upon these funds under section 1405 of the Code of Civil Procedure of New York, because they are not chattels nor subject to levy by execution.

The District Court is not distributing a fund in which the petitioners have any interest entitling them to intervene under equity rule 37 (33 Sup. Ct. xxviii), or enabling them as citizens of a foreign country to sue elsewhere than in the District of Columbia.

Entertaining these views, we think there is no merit in the motion for a stay, which is accordingly denied.